**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 2:10CR00006 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **RONNIE L. ROBBINS**, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for the United States; R. Wayne Austin, Scyphers & Austin, P.C., Abingdon, Virginia, for Defendant.*

The defendant, Ronnie L. Robbins, has moved to exclude evidence at trial of speech or actions alleged in the Indictment that occurred prior to the enactment of the Stolen Valor Act of 2005, Pub. L. 109-437, 120 Stat. 3266, on December 20, 2006, which established the crime with which he is charged. I will deny the motion.[1]

The Indictment alleges numerous acts by the defendant prior to the enactment of the Stolen Valor Act. For example, the Indictment alleges that in 2003 Robbins distributed campaign materials stating that he had received certain military medals. It also alleges that between 2002 and 2007 Robbins wore unearned military medals during appearances with the Veterans of Foreign Wars honor guard and that between

---

[1] There has been a Superceding Indictment returned since the filing of the Motion to Exclude which added charges against Robbins. For convenience, the Superceding Indictment will be included in any reference to the "Indictment."

November 2006 and December 2006 Robbins submitted a form stating that he had been awarded certain military medals.

There is no rule that evidence of conduct for which a defendant cannot be held liable is absolutely inadmissible, as evidenced by those decisions admitting evidence of illegal behavior outside the statute of limitations period. *See, e.g.*, *Black Law Enforcement Officers Ass'n v. City of Akron*, 824 F.2d 475, 483 (6th Cir. 1987) ("The decision whether to admit evidence is based on its relevancy and probativeness . . . not on whether the evidence is derived from events that occurred prior to a certain time period."); *United States v. Ashdown*, 509 F.2d 793, 798 (5th Cir. 1975) ("The statute of limitations is a defense to prosecution, not a rule of evidence. . . . [T]he statute of limitations has no bearing on the admissibility of evidence."). Therefore, regardless of whether the defendant's pre-enactment conduct may be the substantive basis for conviction, evidence of such conduct may be admissible, for example under Federal Rule of Evidence 404(b) governing the admissibility of other acts. *See United States v. Queen*, 132 F.3d 991, 998 (4th Cir. 1997) (admitting evidence of other acts for the purpose of showing the defendant's intent).

For these reasons, I cannot rule at this time on the admissibility of pre-enactment evidence. If the government intends to offer such evidence, it must give prior notice to the defendant and the court, allowing the court an opportunity to

consider any objection by the defendant.  Otherwise, the Motion to Exclude Evidence (ECF No. 14) is DENIED.

It is so **ORDERED**.

ENTER: January 6, 2011

/s/ JAMES P. JONES
United States District Judge