**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**BIG STONE GAP DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | Case No. 2:10CR00006 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **RONNIE L. ROBBINS,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Ronnie L. Robbins, Pro Se Defendant.*

The defendant, Ronnie L. Robbins, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. Robbins claims that the grand jury was unconstitutionally impaneled and that counsel provided ineffective assistance. This matter is before me upon the United States' Motion to Dismiss. Robbins responded to the motion, making the matter ripe for disposition. After reviewing the record, I grant the United States' Motion to Dismiss and dismiss the Motion to Vacate, Set Aside, or Correct Sentence.

I.

On November 18, 2010, Robbins was charged in a six-count Superseding Indictment with offenses involving forging a certificate of discharge from the United States military, falsely representing that he had received the Vietnam Service Medal and the Vietnam Campaign medal, making false statements in an

application for disability benefits from the Department of Veterans Affairs, and mail fraud. Robbins pleaded not guilty and proceeded to a jury trial that took place from February 28 through March 2, 2011. The jury found Robbins guilty of Counts One, Two, Three, Five, and Six.[1]

Robbins's Presentence Investigation Report ("PSR") indicated a Total Offense level of 23, with a Criminal History Category of I. This resulted in an advisory guideline range of imprisonment of 46 to 57 months. On July 12, 2011, I imposed a sentence of 24 months, consisting of 12 months for Counts One and Two, six-months for Count Three, and 24 months for Counts Five and Six, all terms to be served concurrently. Robbins appealed to the United States Court of Appeals for the Fourth Circuit which affirmed his convictions on Counts One, Two, Five, and Six, vacated his conviction on Count Three, and remanded to this court for resentencing. *United States v. Robbins*, 494 F. App'x 337, 339 (4th Cir. 2012) (unpublished).[2] On October 9, 2012, I resentenced Robbins to 24months of incarceration, consisting of 12 months for Counts One and Two, and 24 months for

[1] Count Four was dismissed on the motion of the United States. (Am. J. at 1, ECF No. 133.)

[2] Following Robbins' conviction and sentence, the Supreme Court had declared the Stolen Valor Act, the basis for Count Three, unconstitutional. *United States v. Alvarez*, 132 S. Ct. 2537 (2012).

Counts Five and Six, to be served concurrently. I also imposed a two-year term of supervised release.[3]

In this § 2255 motion, Robbins alleges that the grand jury was unconstitutionally impaneled. Robbins also alleges ineffective assistance of counsel on numerous grounds. I find that Robbins's Motion to Vacate fails and will be dismissed.

II.

A collateral attack under § 2255 may not substitute for an appeal. Claims regarding trial or sentencing errors that could have been, but were not, raised on direct appeal are barred from review under § 2255, unless the defendant shows cause for the default and actual prejudice or demonstrates actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622 (1998). Attorney error can serve as cause for default, but only if it amounts to a violation of the defendant's constitutional right to effective assistance of counsel. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

---

[3] According to correspondence received from Robbins, he was released from prison on July 25, 2014; however, he is still under supervised release. (ECF No. 146 at 1). Thus, the court retains jurisdiction of his § 2255 motion. *See United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) ("A prisoner on supervised release is considered to be 'in custody' for purposes of a § 2255 motion.").

To demonstrate ineffective assistance of counsel, a convicted defendant must show that counsel's representation was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Courts adopt a "strong presumption" that counsel's actions fall within the "wide range of reasonable professional assistance." *Id*. at 689. Further, a convicted defendant must show that his counsel's performance was so prejudicial as to "deprive the defendant of a fair trial." *Id*. at 687. To establish this level of prejudice, Robbins must demonstrate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In a § 2255 motion, the defendant bears the burden of proving his claims by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

A. Grand Jury Proceedings.

Robbins alleges that the grand jury was unconstitutionally impaneled because one of its members, Tammy Robinette, had a "personal bias and prejudice against [him]." (Mot. to Vacate at 4, ECF No. 139.) Robbins's § 2255 motion contains a multitude of incongruous evidence in support of this claim. This evidence includes photos of Robbins from a "womanless beauty pageant" wearing a wig he asserts belongs to Robinette, as well as references to a family member of Robinette's who worked with a teacher who allegedly sexually abused a family

member of Robbins'. (Mot. to Vacate Attach. 1 at 2-4, ECF No. 139-1; *Id.* Attach. 7 at 1-4, ECF No. 139-7.) Robbins also discusses occasions where he saw Robinette in public venues, such as a movie theatre, school basketball game, Food City, and Wal-Mart. (Mot. to Vacate Attach. 1 at 1, 3-4, ECF No. 139-1; Resp. to Mot. to Dismiss Attach. 1 at 25-26, ECF No. 145-1.) The United States argues that this claim should be rejected because Robbins failed to raise it at any time prior to his § 2255 motion.

Robbins failed to raise this claim on direct appeal. Robbins asserts he became aware of Robinette's presence on the grand jury on November 19, 2010. (Resp. to Mot. to Dismiss Attach. 1 at 11, ECF No. 145-1.) Robbins's jury trial was completed on March 2, 2011. Thus, by his own admission, Robbins was aware of this claim well before his direct appeal. Robbins has not demonstrated "either 'cause' and actual 'prejudice'" for his default or that he is '"actually innocent.'" *Bousley*, 523 U.S. at 622 (internal citations omitted). Accordingly, I conclude that this claim is procedurally defaulted and must be dismissed. *See id.* at 621-22.

Moreover, Robbins's claim has no merit. Robbins's contention that Robinette knew Robbins and his description of old grudges between their family members is not sufficient to show bias by Robinette. However, even assuming

bias, a dismissal of the indictment is not required.[4] The Fifth Circuit has held that a defendant cannot challenge a grand juror for any cause other than lack of legal qualifications:

> Challenges for bias, or for any cause other than lack of legal qualifications, are unknown as concerns grand jurors. No provision is made for peremptory challenges of grand jurors and no such challenges are permitted. Likewise no voir dire examination exists in respect to grand jurors. In other words, the status of a member of a grand jury may not be questioned except for lack of legal qualifications.

*Estes v. United States*, 335 F.2d 609, 613 (5th Cir. 1964) (internal quotation marks and citation omitted); *see also United States v. Partin*, 320 F. Supp. 275, 282 (E.D. La. 1970) ("There is no provision in Rule 6(b)(1) of the Federal Rules of Criminal Procedure for challenge of grand jury members on the ground of bias or prejudice.").

Moreover, the Supreme Court has held that some irregularities in a grand jury proceeding do not constitute prejudice where the defendant is ultimately

[4] Historically, the grand jury has not been subject to the same rules regarding bias, or forming opinions of guilt or innocence, as the petit jury:

> If a grand juror sees one man murder another he may testify to that fact to the jury of which he is a part, without thereby disqualifying himself to act as a grand juror. Grand jurors are not sworn on their *voir dire* to say whether they have formed or expressed an opinion of the guilt or innocence of a person charged with crime. On the contrary, the court charges each of them to bring to the attention of the grand jury all offenses of which he may have any personal knowledge. The grand jury does not try; it merely accuses with a view to trial.

*United States v. Belvin*, 46 F. 381, 384 (C.C.E.D. Va. 1891).

convicted. *See United States v. Mechanik*, 475 U.S. 66, 70-72 (1986). In *Mechanik*, the court held that a violation of Federal Rule of Criminal Procedure Rule 6(d) did not warrant reversal of the defendants' convictions because "the petit jury's subsequent guilty verdict means not only that there was probable cause to believe that the defendants were guilty as charged, but also that they are in fact guilty as charged beyond a reasonable doubt." *Id.* at 70; *United States v. Hefner*, 842 F.2d 731, 733 (4th Cir. 1988) (affirming the defendant's conviction, despite determining that the grand jury foreman was not qualified to serve because he had been convicted of a felony); *United States v. Schmidt*, 935 F.2d 1440, 1446 n.2 (4th Cir. 1991) ("a post-verdict claim of prosecutorial interference with the grand jury's determination of probable cause is rendered harmless by the verdict of the petit jury," unless the defect is "fundamental" (internal quotation marks and citations omitted)). Robbins's claim is procedurally defaulted. Moreover, he has failed to show that the grand jury was unconstitutionally impaneled. Accordingly, I will dismiss this claim.

B. Ineffective Assistance of Counsel.

Robbins claims that counsel was ineffective and provides a rambling narrative of events and allegations related to all stages of his proceeding. In his Response to the Motion to Dismiss, Robbins indicates that "[t]here are at least 28 claims" alleging ineffective assistance. (Attach. 1 at 14, ECF No. 145-1.)

However, many of Robbins's claims are conclusory and, thus, fail to state claims for relief. *See Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding denial of habeas action appropriate where it "stated only bald legal conclusions with no supporting factual allegations"). The rest of his claims fail to meet both prongs of the *Strickland* test.

(1) Pre-Trial.

Robbins claims that counsel was ineffective for failing to file a motion to dismiss the indictment based on Robinette's presence on the grand jury. (Mot. to Vacate Attach. 1 at 5, ECF No. 139-1; Resp. to Mot. to Dismiss Attach. 1 at 13, ECF No. 145-1.) However, as discussed above, Robbins has not shown any clear evidence of bias by Robinette or any fundamental defect in the grand jury. Accordingly, he has not shown that counsel was deficient for not moving to dismiss the indictment. Further, Robbins has presented no evidence of prejudice.

(2) Trial.

Robbins asserts that counsel provided ineffective assistance during trial by failing to call certain defense witnesses. According to Robbins, counsel claimed there was no need for defense witnesses, because the government had failed to present sufficient evidence. (Resp. to Mot. to Dismiss Attach. 1at 38-39, ECF No.

145-1.) Counsel did call two witnesses for the defense, Rodney Owens and Clyde Peake.[5]

Specifically, Robbins asserts counsel should have called Ray Hunt and Dr. Rebecca Robbins McCowan.[6] He claims Hunt would have testified that Robbins was on duty as a military policeman during a bank robbery attempt, and had seen the dead body of "J.B.," another military policeman, thus proving to the jury that Robbins was not fabricating post-traumatic stress disorder in order to gain veterans' benefits. (Mot. to Vacate Attach. 1 at 15-16, ECF No. 139-1.) Robbins further asserts counsel should have called Robbins's daughter, Dr. McCowan, a fourth year medical resident, to testify as a defense expert. (Resp. to Mot. to Dismiss Attach. 1 at 36-38, ECF No. 145-1.) He states McCowan "knew her father better than anyone" and knew how J.B.'s death had affected Robbins over the last several years. (*Id*. at 37-38.)

However, Robbins fails to demonstrate prejudice from counsel's decision not to call certain defense witness. There is no presumption of prejudice, and

---

[5] Both Owens and Peake testified that they had participated in numerous military funerals with Robbins and had never seen him wear the Vietnam Service Medal or Combat Infantry Badge. (Trial Tr. at 3-4, 11-12, ECF No. 85.)

[6] Robbins attached an exhibit to his Response to the Motion to Dismiss that lists 16 witnesses he claims were at the courthouse during trial and "ready to testify for the defense." (*Id.* Attach. 3 at 23, ECF No. 145-3.) However, with the exception of Hunt and McCowan, he does not indicate the content of their testimony or how it would have helped his case had counsel called them as defense witnesses.

Robbins must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Furthermore, "the decision [about] whether to call a defense witness is a strategic decision . . . and one to which we must afford . . . enormous deference." *United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004) (internal quotation marks and citations omitted). Thus, this claim lacks merit.

Robbins also alleges that "jurors kept falling asleep" during his trial. (Mot. to Vacate Attach. 1 at 5, ECF No. 139-1.) However, Robbins does not indicate who testified while the jurors were sleeping or the content of the testimony. He has not provided any evidence that the sleeping jurors missed large or critical portions of the trial. Moreover, Robbins has not shown that, had counsel objected to the sleeping jurors, the outcome of his trial would have been different.[7] Indeed, even had counsel brought the issue to the court's attention, a court has "considerable discretion in deciding how to handle a sleeping juror." *United States v. Johnson*, 409 F. App'x 688, 692 (4th Cir. 2011) (unpublished).

Robbins further claims counsel provided ineffective assistance regarding video footage shown at trial. Robbins complains counsel should have shown the portion of a video from a program for elementary school students that made clear

[7] Robbins also alleges that one juror "wet himself" while he was asleep. (Mot. to Vacate Attach. 1 at 5, ECF No. 139-1). However, he has failed to demonstrate any prejudice from this alleged occurrence or indicate how it may have affected the outcome of his trial.

not all the veterans claimed they "actually serv[ed] in combat." (Mot. to Vacate Attach. 1 at 13-14, ECF No. 139-1.) Robbins also asserts counsel should have objected to a video of confederate soldiers marching, as well as to photos of Robbins in a "confederate captain uniform," on the grounds that the "video almost certainly gave the appearance that the defendant was racist, which is not true." (Resp. to Mot. to Dismiss Attach. 1 at 15-17, ECF No. 145-1.) However, Robbins has not overcome the presumption that counsel's actions were sound trial strategy. *See Strickland*, 466 U.S. at 671. Accordingly, Robbins has not shown ineffective performance by counsel and this claim lacks merit.

Robbins alludes to other areas of insuffiency, including a failure to object to government witnesses he claims were testifying falsely. (Mot. to Vacate Attach. 1 at 18, 20, ECF No. 139-1.)[8] However, he provides no facts regarding the specific nature of the testimony and fails to demonstrate how he suffered prejudice related to counsel's alleged failures. The court is not required to "attempt[] to divine the point" Robbins seeks to make. *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993). Moreover, counsel has no constitutional duty to raise every non-frivolous issue or argument requested by a criminal defendant. *Jones v. Barnes*, 463 U.S. 745, 754 (1983). Where the petitioner's motion, when viewed against the record,

[8] Robbins also asserts that Heather Flora, a Veterans Administration Rating Specialist, should not have been permitted to testify. (Mot. to Vacate Attach. 1 at 33, ECF NO. 139-1.) However, Robbins concedes that counsel objected to her testimony and does not provide any information regarding how counsel was ineffective.

does not state a claim for relief, it should be dismissed. *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). Accordingly, Robbins has not shown ineffective performance by counsel.[9]

(3) Post-Trial.

Robbins asserts that counsel was ineffective for failing to provide him with a copy of the PSR and failing to review the PSR with him prior to sentencing. (Resp. to Mot. to Dismiss Attach. 1 at 19, ECF No. 145-1.) I questioned Robbins regarding this issue at the sentencing hearing. I asked him, "Have you and your lawyers read and discussed the pre-sentence report?" Robbins responded, "Yes, Your Honor." (Tr. Sentencing Hr'g at 2, ECF No. 138.) However, in his Response to the Motion to Dismiss, Robbins asserts he "had no idea what the Honorable Judge Jones was saying" regarding reviewing the PSR and that his lawyer "told [him] to answer yes." (Resp. to Mot. to Dismiss Attach. 1 at 19, ECF No. 145-1.)

[9] Robbins includes a varied and extensive narrative of additional information which I conclude does not advance his ineffective assistance of counsel claim, including (1) his debt with a collection agency (Mot. to Vacate Attach. 1 at 11, ECF No. 139-1); (2) newspaper articles written about the trial (*Id.* at 13); (3) a separate lawsuit involving the Dickenson County Honor Guard Bank Account (*Id.* at 22-25); (4) alleged "examples" of criminal activities by government witnesses, including social security fraud and violations of the Virginia Charitable Gaming Commission (*Id.* at 25-29); and (5) counsel's alleged statement that he needed to keep Robbins's boxes of evidence, but offering to make him copies (*Id.* at 7). *See Strickland*, 466 U.S. at 690 ("A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.").

Robbins' contention that he did not review the PSR with counsel and that he did not understand the court's question conflicts with the record because Robbins indicated at sentencing, under oath, that he had read and discussed the PSR. *See United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (indicating that, absent "extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict the petitioner's [prior] sworn statements" are considered "patently frivolous or false") (internal quotation marks and citations omitted). Accordingly, I afford no weight to this claim.[10]

III.

For the foregoing reasons, I grant the United States' Motion to Dismiss and dismiss the Motion to Vacate, Set Aside, or Correct Sentence. A separate Final Order will be entered herewith.

DATED: May 11, 2015

/s/ James P. Jones
United States District Judge

[10] Robbins also alleges that errors in his PSR prevented him from obtaining certain medications while in prison and interfered with his visitor list. (Mot. to Vacate Attach. 1 at 7-8, ECF No. 139-1.) However, a § 2255 motion provides a means to challenge the constitutionality of a petitioner's conviction and sentence and is not the appropriate vehicle to remedy an issue with prison medications or approved visitors.